IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | |
|---|---|
| ROSCOE HOLLOWAY | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 3:06-CV-25-F (WO) |
| AMY NEWSOME, *et al.*, | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is currently incarcerated in the Randolph County Jail where he is being held on a charge for Robbery III. He files this 42 U.S.C. § 1983 action against Assistant District Attorney Amy Newsome and Detective Chris May complaining that his indictment on the robbery charge fails to state sufficient facts to constitute a crime and also fails to sufficiently apprise him of the offense against which he must defend himself. Plaintiff requests monetary damages and his release from custody.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

**I. DISCUSSION**

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A.  *Assistant District Attorney Amy Newsome*

Plaintiff states that on August 30, 2005 Defendant Newsome went before a Grand Jury and "presented an ambiguous and defective indictment upon plaintiff." (Doc. No. 1, pg. 3.) It is apparent from the face of the instant complaint that the claims Plaintiff asserts against Defendant Newsome arise from her representation of the State during state court criminal proceedings.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages. . . . [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery. . . . In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit . . . under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions about which Plaintiff complains with respect to Defendant Newsome arise

from her role "as an 'advocate' for the state" and such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676 (citations omitted). Defendant Newsome is, therefore, "entitled to absolute immunity for that conduct." *Id.* Accordingly, Plaintiff's claims against Defendant Newsome lack an arguable basis in law and are subject to dismissal in accordance with 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

*B. The Pending Criminal Charge*

Plaintiff contends that his indictment for Robbery III fails to sufficiently apprise him of the offense with which he is charged. Consequently, Plaintiff complains that the evidence is insufficient to support the criminal charge pending against him and his ability to defend himself will be adversely affected.[2]

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id*. at 43-44. The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Plaintiff has an adequate remedy at law because he may pursue his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758

---

[2]According to the complaint, counsel has been appointed to assist Plaintiff with his defense of the robbery charge pending against him. (*See* Doc. No. 1, pg. 3.)

F.2d 1405 (11th Cir. 1985). Specifically, Plaintiff can challenge the sufficiency of the indictment pending against him in the on-going state criminal proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Plaintiff's claims challenging the constitutionality of the indictment pending against him and dismissal of these claims is, therefore, appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims presented against Defendant Newsome be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's challenges to the indictment and criminal charge pending against him before the Circuit Court of Randolph County, Alabama, be DISMISSED without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This case be DISMISSED prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before February 1, 2006. Any objections filed must specifically identify the findings in

the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 18th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE